## SAPONE & PETRILLO, LLP

William S. Petrillo, Esq., Partner
Edward V. Sapone, Esq., Partner

Chase S. Ruddy, Esq., Senior Associate
Michael Vitaliano, Esq., Associate

**MANHATTAN**
40 Fulton Street, 23rd Floor
New York, New York 10038
Telephone: (212) 349-9000
Facsimile: (347) 408-0492
E-mail: ed@saponepetrillo.com

**LONG ISLAND**
1103 Stewart Avenue, Suite 200
Garden City, New York 11530
Telephone: (516) 678-2800
Facsimile: (516) 977-1977
E-mail: william@saponepetrillo.com

*MEMO ENDORSED*

August 5, 2020

8/6/20
The Court finds that Mr Bi's Guilty Plea may proceed via video-teleconference under the CARES Act.
/s/ Colleen McMahon

Hon. Colleen McMahon
Chief United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Hua Fen Bi*
      Docket No.: 19-MJ-8199

Dear Judge McMahon:

I am counsel to Defendant Hua Fen Bi. Mr. Bi is scheduled to plead guilty to an information in the above-referenced case on Friday, August 7, 2020. Mr. Bi's guilty plea is to be conducted remotely by the Magistrate Court.

In advance of Friday's change of plea hearing, I write to ask that the Court make a finding, pursuant to the CARES Act, that "for specific reasons . . . the plea or sentencing in [this] case cannot be further delayed without serious harm to the interests of justice."

Under Section 15002(b)(2)(A) of the CARES Act, guilty pleas and sentencings may proceed by video teleconference or by teleconference if the following two conditions are met:

- *first*, if the chief judge of the district "specifically finds . . . that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety"; and

- *second*, if "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available."

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/20

1

Respectfully, the first of these conditions was met when, on March 30, Your Honor issued standing order M10-648, 20 MC 176, stating, among other things, that:

> on motion of the undersigned, the undersigned specifically finds that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure; felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure; and equivalent plea and sentencing, or disposition, proceedings under chapter 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act") cannot be conducted in person without seriously jeopardizing public health and safety, and thus video teleconferencing, or telephone conferencing if video conferencing is not reasonably available, may be used in such proceedings with the consent of the defendant, or juvenile, after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice."

As to the second condition, given: (1) the ongoing public health crisis posed by the pandemic and the risk to Mr. Bi, court personnel, and the public posed by Mr. Bi attending an in-person court proceeding; (2) the fact that Mr. Bi has been charged by complaint since October 2019, and it would be preferable for all involved to resolve the matter without additional rollovers; and (3) the harm to the interests of justice if resolution of this matter, including the entry of any forfeiture order and related payment schedule, is further delayed, the parties are asking that Your Honor find that Mr. Bi's plea cannot be further delayed without serious harm to the interests of justice.

Mr. Bi consents to proceeding remotely, and the government, by AUSA Emily Deininger, also consents.

Therefore, for the reasons stated above, I respectfully request that the Court find that Mr. Bi's plea by video teleconference may appropriately move forward under the CARES Act.

Your Honor's consideration is greatly appreciated.

Respectfully submitted,

/s/ Edward V. Sapone
Edward V. Sapone

Cc:   AUSA Emily Deininger
      AUSA Alexandra Rothman